CRUZ OLMO, Plaintiff and Appellant, *v.* FÉLIX LÓPEZ FIGUEROA
ET AL., Defendants and Appellees.

No. 9228.   Argued March 6, 1946.—Decided May 2, 1946.

*E. Martínez Avilés* for appellant.   *Francisco González, Jr.,* for appellee.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

Félix López Figueroa brought an action of unlawful detainer against Cruz Olmo for nonpayment of rent. Olmo answered and alleged that he owned the property. The main issue at the trial hinged upon the title to the land, but there was evidence tending to show that Olmo had erected three buildings on the land. Upon submitting the case to the court counsel for Olmo insisted that the complaint should be dismissed, as a conflict of titles had been shown, and he argued that, even assuming that López Figueroa owned the land, Olmo had three houses there which belonged to him. The court rendered judgment for the plaintiff, whereupon Olmo filed a motion for reconsideration which was denied.

After the judgment of unlawful detainer had become final *(firme),* and when López Figueroa was about to execute it, Olmo filed a petition for injunction to restrain the execution of the judgment, and alleged that he had built three houses

1

on the land in question, in good faith, and that the judgment sought to be executed had been rendered on the basis of an error, namely, the one committed by the lower court in disregarding the existence of those three houses built by Olmo.

The lower court denied the petition for injunction, on the ground that it merely sought to review an error alleged to have been committed by that same court in rendering a judgment which had already become final (*firme*). From that decision the plaintiff, Olmo, has appealed.

The appellant in his brief insists that unless the injunction prayed for is issued, a multiplicity of suits will result and he will suffer irreparable injury. Assuming that this is so, we fail to see, nor has the appellant pointed out to us, any justification for enjoining the execution of the judgment.

It is not necessary for us to consider in what cases an injunction lies to prevent the execution of a judgment. It suffices to state that it does not lie where, as in the instant case, the bill rests only on an alleged error of the trial court in applying the law to the facts of the case. *Mellen* v. *Moline Malleable Iron Works*, 131 U.S. 352, 33 L. ed. 178. See also *Ex parte Boerman*, 34 P.R.R. 120; *Ex parte Morales*, 17 P.R.R. 1004. As we said in *Graniela* v. *Yolande, Inc.*, 65 P.R.R. 663, 667, more important that the correction of a possible judicial error in a particular case is the principle of the conclusiveness of judgments.

The judgment appealed from should be affirmed.